# United States District Court
# Central District of California

| | |
|---|---|
| KRYSTAL SANDOVAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC SERVICES, INC., a Delaware corporation; KELLY SERVICES, INC., a Delaware corporation; Chris DOE, an individual; and DOES 2 through 20, inclusive,<br><br>Defendants. | Case No. 2:18-cv-01224-ODW(KSx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [11]** |

## I. INTRODUCTION

Krystal Sandoval ("Plaintiff") brought an action in the Los Angeles Superior Court against her employers, Republic Services, Inc. ("Republic"); Kelly Services, Inc. ("Kelly"); Consolidated Disposal Services, Inc. ("CDS"); and coworker Chris DOE ("Chris") (collectively, "Defendants") for various harassment and discrimination claims. (Compl. ¶¶ 22–75, ECF No. 1-1; Not. Removal 2, ECF No. 1.) Kelly removed the case to federal court based on diversity jurisdiction. (Not. Removal.) Plaintiff now seeks to remand the case because complete diversity does not exist. (Mot. Remand,

ECF No. 11.) For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

## II. FACTUAL BACKGROUND

On or about July 17, 2017, Kelly, a Delaware corporation with its principal place of business in Michigan, asked Plaintiff, a California resident, to interview for a customer service position at Republic. (Compl. ¶¶ 4, 12.) She received an offer, accepted it, and began training for her new job that same day. (*Id.*) However, Plaintiff alleges that two days later, another employee in her department, Chris, began harassing her. (*Id.* ¶ 13.) According to Plaintiff's Complaint, Chris whistled at her, followed her around the office, gave her gratuitous compliments, asked for her phone number, attempted to get her alone, and openly commented on her "nice ass" and "nice boobs," despite Plaintiff's repeated rejections. (*Id.* ¶¶ 13–15.) In reaction, Plaintiff filed a formal oral complaint to her supervisor, Ruben, on July 31, 2017, in front of approximately six other employees. (*Id.* ¶ 16.) Another female employee also expressed similar problems with Chris. (*Id.*) Ruben acknowledged he was aware of Chris's behavior but refused to take any action to prevent the harassment or punish Chris. (*Id.*)

After being harassed again the following day, Plaintiff approached Ruben's supervisor, Cory, to complain. (*Id.* ¶ 17.) Ultimately, however, Cory instructed Plaintiff to return to work and ignore the harassment. (*Id.* ¶ 18.) Plaintiff alleges that Chris continued to harass her. (*Id.*) Later that day, Plaintiff heard from a fellow employee that another employee had been warned to stay out of the situation between Plaintiff and Chris because it was "going to end badly" for Plaintiff. (*Id.* ¶ 19.) On the way home after her shift, Plaintiff received a call from a Kelly employee terminating Plaintiff. (*Id.* ¶ 20.) The only reason offered for the termination was that Republic "did not want drama." (*Id.* ¶ 20.)

On September 8, 2017, Plaintiff formally requested a copy of her personnel file from Defendants Republic and Kelly. (Decl. of Tyler C. Vanderpool ("Vanderpool

Decl.") ¶ 2, ECF No. 11-1; Tyler Decl. Exs. A–B, ECF Nos. 11-2, 11-3.) Republic, a Delaware corporation with its principal place of business in Arizona, denied ever employing Plaintiff and refusing to produce the file. (Tyler Decl. Ex. C, ECF No. 11-4.; Compl. ¶ 3.) Subsequently, on November 16, 2017, Plaintiff filed an action against Defendants Republic, Kelly, and Chris, alleging claims for (1) retaliation; (2) sex discrimination; (3) hostile work environment; (4) failure to prevent harassment, discrimination, and retaliation; (5) wrongful termination and discrimination; and (6) failure to produce wage statements and personnel records. (Compl. ¶¶ 22–75; Not. Removal 2.) Plaintiff filed against the harassing employee as "Chris DOE" because Defendants refused to provide his last name. (Compl. ¶ 6; Vanderpool Decl. Ex. I, ECF No. 11-10.) On December 29, 2017, Plaintiff amended the Complaint to add CDS, a Delaware corporation with its principal place of business in Arizona, as a defendant. (Vanderpool Decl. Ex. E, ECF No. 11-6; Mot. Remand 6.).

On February 14, 2018, Kelly removed this action to federal court based on diversity jurisdiction. (Not. Removal.) On March 2, 2018, Plaintiff moved to remand the case to state court for failing to satisfy the diversity jurisdiction requirements. (Mot. Remand.) Kelly opposed the Motion to Remand on March 12, 2018. (Opp'n Remand, ECF No. 14.) Plaintiff filed a Reply supporting remand on March 19, 2018. (Reply, ECF No. 15.) Plaintiff's Motion to Remand is now before the Court.[1]

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, which may only exercise jurisdiction when authorized by the Constitution or a statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a presumption that the federal court lacks jurisdiction. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). A removing defendant bears the burden of establishing that removal is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam). This

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

requires a showing that the federal courts could have had original jurisdiction over the controversy in question. 28 U.S.C. § 1441(a). This may be established by diversity jurisdiction where the amount in controversy exceeds the sum or value of $75,000 and there is complete diversity among opposing parties. *See* 28 U.S.C. 1332(a)(1). However, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve these doubts in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## IV. DISCUSSION

Plaintiff moved to remand this case on the grounds that Kelly did not get the consent of other Defendants prior to removal and failed to show complete diversity among the parties as to Plaintiff's harasser, Chris. (Mot. Remand 1.) However, Defendants argue that Chris is a fictitiously named "DOE" defendant who is not considered for purposes of determining diversity. (Opp'n Remand 2.) For the following reasons, the Court finds that Defendants failed to establish complete diversity among the parties and **GRANTS** Plaintiff's motion to remand.

### A. Consent of the Parties to Remove

As a preliminary matter, Plaintiff asserted that the failure of all named Defendants to join in Kelly's removal constituted a procedural defect. (*See* Mot. Remand 5.) Under the judicially-established unanimity rule, all defendants must unite in a petition for the removal to a federal court when a joint cause of action is alleged against all defendants. *See Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 245 (1900). However, there is no particularly prescribed "manner in which codefendants' joinder must be expressed." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). This Circuit has held that "filing a notice of removal can be effective without individual consent documents on behalf of each defendant" as long as it contains "an averment of the other defendants' consent and [is] signed by a[n] attorney of record." *Id.* Plaintiff alleges in the Notice of Removal that CDS and Republic consented to removal. (Not. Removal ¶ 24.) Moreover, the Notice of

Removal is signed by Kelly's attorney of record. (*See id.* at 7.) Thus, the unanimity requirement is satisfied as to these Defendants, and Kelly's removal was procedurally proper.[2]

**B.    Diversity of Adverse Parties**

The Court next considers whether diversity subject matter jurisdiction exists in this action. Diversity jurisdiction requires complete diversity as to all adverse parties.[3] 28 U.S.C. 1332(a)(1). Individuals are considered "at home" for purposes of diversity jurisdiction in their place of domicile where they "reside with the intention to remain." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is typically the citizen of two states for purposes of diversity jurisdiction: its state of incorporation and the state in which its primary place of business is located. *Breitman v. May Co. Calif.*, 37 F.3d 562, 564 (9th Cir. 1994).

Based upon this, diversity among Plaintiff and the corporate Defendants is easily established. Plaintiff is domiciled in California, where she currently lives and where she worked for Defendants. (*See* Compl. ¶ 2.) All three corporate Defendants are incorporated in Delaware. (*See* Compl. ¶¶ 3–4; Mot. Remand 6.) Republic and CDS have their principal places of business in Arizona. (Compl. ¶ 3; Mot. Remand 6.) Kelly's principal place of business is located in Michigan. (Compl. ¶ 4.) The parties do not dispute that diversity exists between Plaintiff and corporate Defendants.

  *1.    Consideration of a Fictitious Defendant*

Plaintiff asserts that the citizenship of Defendant Chris—and Defendants' failure to address it—destroys complete diversity. (Mot. Remand 6.) As a general rule, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). "However, 'when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring

---

[2] Kelly does not assert that Defendant Chris joined in the removal. (*See* Not. Removal.)
[3] It is also required that the amount in controversy exceed $75,000; however, the Court declines to examine this, as it is undisputed by the parties. *See* 28 U.S.C. 1332(a)(1).

to an individual who acted as the company's agent, the court *should* consider the citizenship of the fictitious defendant.'" *Collins v. Garfield Beach CVS, LLC*, Case No. CV 17-3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. 2017) (quoting *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995)). This is particularly true when a named defendant knew or should have known the fictitious defendant's identity because that defendant *employed* the fictitiously named defendant. *Id.* As a matter of policy, it is "unfair to force plaintiffs from their state court forum into federal court by allowing [a defendant] to plead ignorance about the defendant-employee's identity and citizenship when [a corporate defendant] is in a position to know that information." *Id.*; *see also Brown*, 896 F. Supp. at 1301–02 (following the same reasoning).

Defendants construe the amended version of § 1441(b)(1) as entirely precluding fictitious defendants from the diversity jurisdiction analysis. (Opp'n Remand 4.) In situations offering no information regarding the identity of the fictitious defendant, Defendants' assertion is accurate. However, this Circuit has not conclusively addressed the appropriate treatment of fictitiously named defendants described with sufficient particularity to provide a clue as to their actual identity. *See Wong v. Rosenblatt*, No. 3:13-CV-02209-ST, 2014 WL 1419080, at *4 (D. Or. Apr. 11, 2014) (recognizing the Ninth Circuit's lack of resolution on this issue).

Numerous other courts—including one in this district—have permitted consideration of a fictitious defendant who is specifically described. *See Collins*, 2017 WL 2734708, at *2 (considering the domicile of a well-described but fictitiously named defendant"); *see also Musial v. PTC All. Corp.*, No. 5:08CV-45R, 2008 WL 2553900, at *4 (W.D. Ky. June 25, 2008) (considering a particularly described defendant for diversity jurisdiction); *Brown*, 897 F. Supp. 1401– 02 (same); *Tompkins v. Lowe's Home Ctr. Inc.*, 847 F. Supp. 462, 464 (E.D. La. 1994) (same); *cf. Guytan v. Swift Transportation Co. of Ariz., LLC*, CV 17-00626-VAP (DTBx), 2017 WL 2380159, at *2 (C.D. Cal. 2017) (finding a party who was unnamed because "[p]laintiff just [did]

not remember his name" was not a party for consideration in diversity jurisdiction). In light of this, and because the Court has a policy interest in discouraging Defendants from refusing to disclose information relating to a fictitious defendant for the purposes of garnering the benefit of federal jurisdiction, the Court finds that the citizenship of Chris should be considered, if he is sufficiently identified.

### 2. *Sufficiency of Identification*

For a fictitious defendant to be considered, the Complaint must provide a "definite clue" as to the Defendant's identity. *Collins*, 2017 WL 2734708, at *2. Other courts have found this is satisfied where an individual was specifically identified as performing a particular job function. *See, e.g.*, *Musial*, 2008 WL 2559300, at *4 (finding the description of a Doe defendant as the person "who loaded the pipe" causing Plaintiff's injuries sufficient); *Marshall v. CSX Transp. Co.*, 916 F. Supp. 1150, 1151 (M.D. Ala. 1995) (finding the description of an "engineer, who was operating the train at the time" sufficiently particular). A definite clue may also be shown by providing specifics regarding location, dates, and particular events. *See Collins*, 2017 WL 2734708, at *2. Ultimately, the "plaintiff's complaint [must] provide a description of a fictitious defendant in such a way that his or her identity cannot reasonably be questioned." *See Marshall*, 916 F. Supp. at 1152.

While Defendant alleges that there is ambiguity surrounding the identity of Chris, the Court finds that this is not the case. (*See* Opp'n Remand 6.) Plaintiff particularly describes Chris as a fellow employee at Kelly and a member of her department at the company's office in California. (Compl. ¶ 13.) She describes the dates of her employment and all the relevant events. (*Id.* ¶¶ 12–17.) She specifically references complaints filed in relation to Chris and conversations she had with supervisors regarding him, in addition to naming another employee who expressed similar issues with his behavior. (*Id.*) Plaintiff also provides Chris's proper first name. (Reply 4.) Indeed, the Court reasons that this level of particularity far exceeds that which has been deemed sufficient to destroy diversity in other cases.

The Court finds that Chris must be considered for purposes of diversity jurisdiction, and that Defendants have not established diversity as to him. Chris's residency and status as a co-worker of Plaintiff at Defendants' California location indicates his place of domicile is likely California, further confirming that diversity jurisdiction does not exist in this instance. (*See generally* Compl.) Accordingly, because there is not complete diversity between the parties, the Court lacks subject matter jurisdiction and must **REMAND** this action to the state court.[4]

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 11.) The Court **ORDERS** this case be remanded to the Los Angeles Superior Court, Case No. BC683815. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

April 24, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[4] In Plaintiff's Motion for Remand, she also briefly address the issue of fraudulent joinder. (*See* Mot. Remand 10.) However, Defendants never assert this argument, (*see* Opp'n), and the Court therefore declines to address this issue.